IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | |
|---|---|
| BRANDI FUNKHOUSER, Administrator of the Estate of KACEY D. HORN, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> KAITLYN BROWN, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 5:22-cv-56 |

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

This matter came before the Court on the Joint Amended Petition for Approval of Wrongful Death Compromise (ECF 150) pursuant to Va. Code § 8.01-55 filed by Plaintiff, Brandi Funkhouser, Administrator of the Estate of Kacey D. Horn, and Defendants Samantha Sulser, Jordan Athey, David Miller, Alexis Sullivan, and Gerson Flores, as well on the Joint Petition for Approval of Wrongful Death Compromise filed by Plaintiff and Defendant Kaitlyn Brown (ECF 125), incorporated by reference by ECF 150Upon consideration of the Amended Petition, argument of counsel, and the entire record, the Court FINDS as follows:

1. Plaintiff is the duly qualified Administrator of the Estate of Kacey D. Horn.

2. The parties in interest, including the statutory beneficiaries, received notice of the hearing. Guardians *ad litem* appeared for the minor beneficiaries and for Christopher Kerns, who is incarcerated. The Court finds that all interested parties were convened within the meaning of Virginia Code § 8.01-55. All the statutory beneficiaries confirm that the settlement amount is fair and reasonable and agree that the settlement amount should be approved by the court notwithstanding the dispute regarding the distribution of the settlement proceeds.

3. The Settling Defendants deny liability and request that the compromise is made without any admission of fault.

4. Recognizing the complexity and risks of ongoing litigation, the proposed settlement amount is determined to be fair and reasonable and is hereby APPROVED as cash and periodic payments having a combined present value of $625,000.00, consisting of $150,000.00 (Defendant Brown) and $475,000.00 (Correctional Defendants) that will be paid and/or funded within forty-five days after entry of this order.

5. Having considered the arguments and representations of counsel, the distribution proposed by Plaintiff is APPROVED IN PART as follows:

a. The following structured periodic payments for the minor beneficiaries are APPROVED:

- **To Prudential Assigned Settlement Services Corporation**: $351,747.36 to be invested for the benefit of the minor beneficiaries as set forth below:

- **For M.K. (to a CCT First-Party Pooled Special Needs Trust sub-account):**

  • $4,000.00 annually, guaranteed for 15 years, first payment **12/06/2026**, last guaranteed **12/06/2040**; and

  • Life with 25-year certain: $12,886.28 annually, first payment **12/06/2041**, guaranteed through **12/06/2065**, and continuing thereafter for life.

- **For B.T.:**

  • $15,000.00 annually for two (2) years beginning **07/20/2035**;

  • $15,000.00 annually for two (2) years beginning **12/10/2035**;

  • $30,000.00 annually for two (2) years beginning **07/20/2037**;

  • $30,000.00 annually for two (2) years beginning **12/10/2037**;

  • Lump sums:
      **$35,000.00** on **06/01/2039**;
      **$70,000.00** on **12/06/2042**; and
      **$84,428.16** on **12/06/2045**.

    b. The Court authorizes and directs the establishment of a CCT First-Party Pooled Special Needs Trust sub-account for the benefit of M.K., and authorizes Brandi Funkhouser, as guardian of M.K., to execute the Trust Joinder following entry of this Order.

    c. The obligation to make the future periodic payments approved herein is assigned pursuant to I.R.C. § 130(c) to Prudential Assigned Settlement Services Corporation and shall be funded by an annuity issued by The Prudential Insurance Company of America (currently rated A+ by A.M. Best and authorized to conduct business in the Commonwealth of Virginia). Upon completion of the assignment, the assignee is substituted as obligor for such payments, and all released parties shall be fully discharged from any further obligation to make those payments. All sums set forth herein constitute damages on account of personal physical injuries or sickness within the meaning of I.R.C. § 104(a)(2). The payments are guaranteed based on a projected annuity purchase date of March 6, 2026; reasonable administrative changes to payment dates/amounts necessary to effectuate the purchase may be recorded in the settlement documents, qualified assignment, and/or annuity contract without an amended petition or order for up to 180 days after the purchase date.

6. Payment of $273,252.64 to Commonwealth Law Group is APPROVED on the following terms:

    a. Reimbursement of costs advanced by Commonwealth Law Group is APPROVED in the amount of $33,347.68.

    b. The Court authorizes the distribution of $122,157.60 to Commonwealth Law Group as payment for legal services rendered;

  c. The Court directs that $17,747.36 be paid as seed money for the CCT First-Party Pooled Special Needs Trust sub-account for the benefit of M.K.

  d. The Court directs that $50,000.00 be held by Commonwealth Law Group in a separate trust account pending the outcome of the evidentiary hearing on the claim of Christopher Kerns, discussed below. The funds are to be held in trust by Commonwealth Law Group until further directed by the Court;

  e. The Court directs that $50,000.00 be held by Commonwealth Law Group for payment of guardian *ad litem* fees incurred in connection with this matter. The Court directs Commonwealth Law Group to pay directly from this amount the fees submitted by the guardians *ad litem*, upon satisfaction whereof the Court authorizes Commonwealth Law Group to disburse any remainder to Commonwealth Law Group as payment for legal services rendered.

 7. The proposed distribution to Christopher Kerns is TAKEN UNDER CONSIDERATION, pending an evidentiary hearing to be scheduled following Mr. Kerns' release from custody on June 12, 2026. The Court further refers this distribution dispute to United States Magistrate Judge Joel Hoppe for purposes of conducting a judicial settlement conference.

 8. The case will remain open for administrative purposes only, and the Court will retain jurisdiction to enforce this Order, to conduct an evidentiary hearing relative to Mr. Kerns' claim, and to direct any further distribution of proceeds consistent with this Order. The Defendants and their counsel are dismissed from further proceeding and this case will be dismissed with prejudice upon final resolution of the distribution issues.

9. The Estate shall be responsible for any legally enforceable liens (including Medicare/Medicaid) related to the Decedent; Plaintiff shall indemnify and hold the Settling Defendants harmless as to such liens.

10. Except as otherwise set forth in this Order, Plaintiff and Defendants will each bear their own costs and fees as between them.

11. The Clerk shall send a certified copy of this Order to all counsel of record.


ENTERED: _____, 2026.


_____
Michael F. Urbanski
United States District Judge